E-FILED
Wednesday, 23 February, 2005  12:57:04 PM
Clerk, U.S. District Court, ILCD

FILED

FEB 2 2 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT


HARRY MICHAEL HIBBETTS,

      PETITIONER,

V.

UNITED STATES OF AMERICA,

      RESPONDENT.

_____/

CASE NO. 05-1053
CASE NO. 00-1207
CASE NO. 96-10024


PETITION UNDER CIRCUIT RULE 22.2(A)

SUCCESSIVE PETITIONS FOR COLLATERAL REVIEW

28 U.S.C. §2244(B)(1)


    Petitioner Harry Michael Hibbetts, hereinafter referred to as Petitioner, comes now pro se to this Honorable Court under 28 U.S.C. §2244(b) for leave to file a second or successive §2255 Petition.

    Petitioner squarely invokes Article III, Section 2, Clause 1 of the Constitution, for he has and will suffer an injury infact of substantial traceability which will cause future harm, unless the controversy of this instant

case is resolved.

Petitioner was sentenced on July 2, 1998 and judgement entered on July 6, 1998. On July 2, 1998 a timely notice of appeal was filed. See U.S. v. Hibbetts, 172 F.3d. 54 (7th. Cir. 1999) (unpublished decision).

On June 12, 2000 a §2255 Motion was filed to correct sentence. See exhibit A. Petitioner's §2255 Motion was denied August 20, 2001 based on Apprendi. See exhibit B. Petitioner then proceeded to file a Rule 60(b) Motion, which was terminated on October 24, 2002 and an Order was given that all other motions were moot. See Exhibit C. (Note) (Petitioner does not have a copy of his Rule 60(b) to provide the Court because it was lost in transit to Jesup, Georgia), thus removing an adequate alternative remedy to correct his sentence.

Petitioner asserts here and now that, had the District Court not have misinterperted the Apprendi meaning of "Statutory Maximum Penaly", relief would have been granted on Petitioner's original §2255 Motion. See exhibit A.

Petitioner asserts that the rule now set forth in Blakely v. Washington, 159 L.Ed.2d. 403 (2004) is confined to defining what the "Statutory Maximum Penalty" is as prescribed in Apprendi, supra. The Blakely Court defined the "Statutory Maximum Penalty" as the "Statutory Base Offence Level. The Blakely Court held" that any factor that increases the "Sentencing Guideline Range", like Apprendi,

must meet the "proof beyond a reasonable doubt" standard
rather than the previous" prepondernace of the evidnece"
standard.

Petitioner asserts that he pleaded guilty to what
his counsel told him would be a 70 to 87 month sentence
and then his senence was doubled to 140 months, using the
"preponderance of evidence" standard, which amounts to
a Sixth Amendment violation. Furthermore, Petitioner was
convicted on counts I (drugs) and III (firearms) of a superseding
indictment, but Count I failed to specify a drug quantity.
See exhibit D.  It is a long standing precedent in all
courts, that a jury can only return a verdict on the elements/factors
that are explicitly cited in the indictment.  For the verdict
to be based on any element/factor more or element/factor
less is a plain constructive amendment of the indictment.

This violates the Due Process Clause of the Fifth
Amendment along with the "Fair Notice" subclause of the
indictment clause.  So a jury cannot return a verdict based
on elements/factors that are not explicitly cited in the
indictment.  Also, a defendant in a guilty plea, even admitting
elements/factors not in the indictment, cannot be found
by the court/trier/fact-finder to have committed those
acts and be punished for them.

Petitioner asserts that the court has comletely ignored
the fact that they are supplanting their determination
of what element the jury would have found.  See Sullivan

-3-

v. Louisiana, 124 L.Ed.2d. 182 (1992) (holding that a Court
cannot supplant its determination as to what the jury would
have found). Therefore, in complete contravention of what
the Supreme Court held was mandatory in Apprendi, which
was that, at a minimum, the sentence must fall.

Petitioner asserts that he was within the limited
time period in filing his original §2255 Motion, in which
the court addressed his Apprendi claim. See Ashly v. United
STates, 266 F.3d. 671 (7th. Cir. 2001) (on first time §2255
Motion it is the duty of the lower court to make the retroactivity
determination as to newly asserted rights, if those rights
have been newly recognized by the Supreme Court).

Petitioner asserts, that after Apprendi, the Second
Circuit Court of Appeals, in an en banc decision, released
the much anticipated case of United States v. Thomas, 274
F.3d. 655 (2nd. Cir. 2001). In that case it was held that
drug quantity under the statutory scheme of 21 U.S.C. §841(b)(1)
is an element of the offense, which must be charged in
the indictment and submitted to the jury for proof beyond
a reasonable doubt.

As stated above, the Court held that drug type and/or
quantity are elements of the offense under Apprendi. However,
the Court held that such error is subject to the plain
error standard as set forth by the U.S. Supreme Court in
United States v. Olano, 123 L.Ed.2d. 508 (1993).

The Thomas Court held that to charge a defendant with

-4-

violations of 21 U.S.C. §841, without reference to drug
type or quantity, sentencing the defendant to a sentence
within §§841(b)(1)(B) or (b)(1)(A) amounted to a constructive
amendment of the indictment which is per se error.  The
Court further held that under either view (trial error
or sentencing error), the defendant's "substantial rights"
were adversely affected by the inconsistency between the
crime charged and that proved to the jury.  Finally the
Court held that this plain error affected the fairness
of the proceeding because, the error might have discouraged
trial counsel from vigorously cross-examining the Government's
witness at trial regarding drug quantity.  The Court found
that this error would seriously affect the public reputation
of judicial proceedings, whether viewed as an error in
sentencing or an error in the conviction, if the sentence
was allowed to stand.  This also meet the fourth prong
of Olano, supra, the hardest one to meet under Blakely/Apprendi
type errors.  Petitioner brought this argument, in that
counsel stopped short of cross-examining his codefendant
Ron Stokey at sentencing.  See exhibit A, page 9.

Petitioner asserts that he was indicted and sentenced
on Count I of a superseding indictment (see exhibit D).
The indictment states at "on or about January 10, 1996
in Peoria County, within the Central District of Illinois,
the defendant herein Harry M. Hibbets, did knowingly possessed
a mixture of substance containing cocaine and cocaine base

-5-

(crack), a Schedule II controlled substance with intent
to distribute. In violation of Title 21, United States
Code, Section 841(a)(1) and 841(b)(1)(B)."

Petitioner asserts that even though 841(b)(1)(B) was
included in the indictment, that the statute has a range
from 5 years minimum to 40 years maximum. This is entirely
too great of a range to comply with the Fifth and 6th.
Amendments to the United States Constitution and put defendant
of fair notice. This could be 5 years of your life or
the rest of your life. This is exactly what the framers
of the constitution were trying to safeguard against in
the Fifth and Sixth Amendments to the Constitution.

Petitioner further states that the Untied States Court
of Appeals for the Fifth Circuit previously held that an
Apprendi error involving the failure to charge drug quantity
in the indictment and submit it to the jury for proof beyond
a reasonable doubt is a jurisdictional defect. See United
States v. Gonzales, 259 F.3d. 355, 360 (5th. Cir. 2001).
See also United States v. Baptise, 264 F.3d. 578, 593 (5th.
Cir. 2001).

Petitioner asserts that jurisdiction can be raised
at any time, and addressed by federal courts at anytime
in their own motion. See McGrath v. Krislensen, 340 U.S.
162 (1950). Jurisdiction cannot be waived and cannot be
conferred upon a federal district court by consent, inaction
or stipulation. See California v. LaRue, 34 L.Ed.2d. 342

-6-

(1972).

Petitioner asserts in both the Gonzales and Baptise
cases that the Government failed to charge drug quantity
in the indictment or submit it to the jury for proof beyond
a reasonable doubt.  The Court held that such a failure
is jurisdictional in nature and therefore evidence adduced
at trial supporting the drug quantity, or even stipulations
as to drug quantity made by defendant are not relevant
to the analysis of a claim of such failure.

Petitioner asserts that although the indictment in
the instant case remains defective that under his indictment
the base level would have been a mandatory, minimum of
5 years.  Petitioner did in fact plead guilty to a known
amount of cocaine base involved in the charge of 8.8 grams.
An amount of cocaine (powder) and marijuana of 7.4 grams
and 8.1 grams, respectively added with the 8.8 grams of
cocaine base (equated to equal 177.48 kilograms of marijuana),
which placed Petitioner's base offense level at 26.  All
additional enhancements were added by the preponderance
of evidence standard must be construed as unlawful and
unconstitutional in nature, in light of the Supreme Court's
Constitutional holding in Apprendi.  As was presented to
the United States District Corut for the Central District
of Illinois at Peoria, in Petitioner's original §2255 Motion
filed July 12, 2001.  See Exhibit A.

Petitioner asserts that the Supreme Court in United

-7-

States v. Booker, decided Janaury 12, 2005, the Court applied
its clarified decision of Apprendi and Blakely to the Federal
Sentencing Guidelines.   The Court holds that the Sixth
Amendment requires a jury, not a Judge, to find sentencing
facts about the way in which an offender committed the
crime.   Especially when those facts move an offender from
a lower to a higher guideline range.

Petitioner asserts that he squarely attacked his indictment
and erroneous drug calculations in his original §2255 Motion,
relying on Apprendi; United States v. Tran, 234 F.3d. 798
(2nd. Cir. 2000); Stirone, 361 U.S. at 218; Jones v. United
States, 526 U.S. 227, 243 n. 6 (1999); Mecham v. United
States, 626 F.2d. 503, 509-510 (5th. Cir. 1980); United
States v. Ferguson, 758 F.2d. 843, 850-51 (2n.d Cir. 1985);
Crosby v. United States, 339 F.2d. at 744; Glover v. Untied
States, 531 U.S. 148; Ex Parte Bain, at 12-13; United States
v. Sjeklocha, 114 F.3d. 1085 (11th. Cir. 1997).   See Exhibit
A.

This clearly shows counsel's ineffectiveness, counsel
could have used nearly all of the case law cited in Petitioner's
§2255 Motion.   Furthermore, the truth of the matter is
that when the Untied States Supreme Court handed down their
respective rulings in Apprendi and Blakely, they said that
every attorney could have challenged it under In Re Winship,
the same as Apprendi's counsel did.

Therefore, counsel who has failed to give clients

-8-

the representation equal to that which Apprendi and Blakely
received, rendered ineffective assistance of counsel.

Petitioner further asserts that under the reasoning
of In Re Whinship, 397 U.S. 358 (1970), that neither Apprendi,
Ring nor Blakely need to be retroactively applicable.

Petitioner asserts that In Re Winship, supra, where
the Supreme Court held "that the Due Process Clause protects
the accused against conviction except upon proof beyond
a reasonable doubt every fact necessary to constitute the
crime with which he is charged."  Id at 364.

As the Supreme Court explained in Whinship:  The [reasonable
doubt] standard provides correct substance for the presumption
of innocence ... that bedrock axiomatic and elementary
principle whose enforcement lies at the foundation of the
administration of our criminal law".  Id. at 363 (quoting
Coffin v. United States, 156 U.S. 432, 453 (1895) (internal
quotation marks omitted).

By reducing the risk that an individual will be convicted
in error, use of the reasonable doubt standard serves three
ends of surpassing importance.  First, it protects individuals
from unjustified deprivation of their liberty and imposition
of the stigma that attaches to criminal convictions.  See
Id. at 363-64.  Second, it "is indispensable to command
the respect and confidence of the community in applications
of criminal law."  Id. at 364.  Third, it ensures that
'every individual going about his ordinary affairs ha[s]

-9-

confidence that his Government cannot adjudge him guilty of a criminal offense without convincing a proper fact finder of his guilt with utmost certainty." Id.

Petitioner asserts that with the recent rulings from the Supreme Court in Jones, Apprendi, Ring, Blakely and Booker, applying Blakely's Sixth Amendment to the Sentencing Guideline ranges so as to comply with "Winship", there can be no doubt that Whinship is alive and kicking and that the Apprendi decision has been clarified so as not to be misconstrued again.

Petitioner has been in prison for nearly 98 months, not counting good time on a 140 month sentence. He has had no incident reports. He will soon be finished with VT Carpentry College Course in order to prepare him reenter society. His maximum sentence should not have been more than 87 months.

Petitioner asserts that for all these reasons stated in this Brief and in the interest of Justice, that the Court will grant this Motion for a Successive §2255, so that the merits of his case can be fairly ruled upon.

Respectfully submitted: February 16, 2005.

Harry Michael Hibbets
Reg. No. 10955-026
Federal Satellite Low
2650 Highway 301 South
Jesup, Georgia  31599

-10-

CERTIFICATE OF SERVICE

I Harry Michael Hibbetts, do hereby certify that on
this 16th. day of February of the year 2005 I have served
a true and correct copy of the foregoing pleading, by United
States mail, upon K. Tate Chambers, Assistant United States
Attorney at One Technology Plaza, Suite 400, Peoria, Illinois
61602; and to the Clerk of the Court, Mr. John M. Waters,
at the United States Distric Court for the Central District
of Illinois, 100 N.E. Monroe Street, Peoria, Illinois  61602.


Harry Michael Hibbetts
Reg. No. 10955-026
Federal Satellite Low
2650 Highway 301 South
Jesup, Goergia  31599



FIL

JUL

JOHN M.
U.S. DIS
CENTRAL DI

A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

HARRY MICHAEL HIBBETTS      )
            Petitioner,      )
                             )
vs.                          )      CASE NO. 00-1207
                             )
UNITED STATES OF AMERICA     )
            Respondent.      )

---

## PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE
## TO PETITIONER'S §2255 MOTION TO VACATE,
## SET ASIDE, OR CORRECT SENTENCE

---

**NOW COMES,** Petitioner, Harry Michael Hibbett, pro se herein, hereafter referred to as petitioner, respectfully praying that this Honorable District Court would move favorably to grant petitioner this Motion to Vacate, Set aside, or Correct this sentence, imposed upon him, pursuant to 28 U.S.C. §2255.

Petitioner offers the following to writ:

1.     Petitioner has acted as his own counsel, in propria persona, through the filing of his initial §2255, with very limited knowledge or experience of the law.

2.     Petitioner has discovered new and recent case law with which to support his reply to government's response to deny his §2255 Motion to Vacate, Set aside, or Correct Sentence.

3.     Petitioner has been convicted and sentenced unlawfully and in violation of his constitutional rights, and now provides substancial laws to support initial §2255 Motion to Vacate, Set aside, or Correct Sentence.

### ARGUMENT

28 U.S.C.A. §2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in



violation of the constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by law, or if the sentence is otherwise subject to collateral attack. The statute provides that if the court finds for the prisoner, it may resentence him or her or set the conviction aside, as is appropriate.

## PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel raise a cognizable constitutional issue that can serve as the basis of a motion under § 2255. See **U.S. v GIARDINO, 797 F.2d 30, 31 (1st Cir. 1986).** The Sixth Amendment to the United States Constitution provides that in criminal prosecutions the accused shall have the right to the assistance of counsel for his or her defense. The United States Supreme Court has held that this right includes the right to effective assistance of counsel. **McMANN v RICHARDSON, 397 U.S. 759, 771 n.14, 90 S. CT. 1441, 25 L.ed 2d 763 (1970).** Pursuant to this constitutional mandate, a defendant is entitled to reasonably competent assistance of counsel from pre-plea investigation and preparation through advocacy at sentencing. **U.S. v GARCIA, 698 F.2d 31, 33-34 (1st Cir. 1983).**

The United States Supreme Court has held that in order for a prisoner to show that counsel's assistance was so ineffective at the sentencing stage to warrant vacating or correcting a sentence under 28 U.S.C.A. § 2255, the prisoner must show;

1.    That his counsel's act or omission made counsel's overall performance fall below an objective standard of reason.

2.    That there is a reasonable probability that, but for counsel's errors, the prisoner would not have pleaded guilty.

(2)

**STRICTLAND v WASHINGTON**, 466 U.S. 668, 104 S. CT. 2052, 2064, 80 L.ed 2d 674 (1984); **U.S. v PELLERITO**, 878 F.2d 1535, 1538 (1st Cir. 1989; **GIARDINO**, 797 F.2d at 31; see **HILL v LOCKHART**, 474 U.S. 52, 58 (1985). Under the first prong of the above test, the prisoner must show that in light of all circumstances present at the time of sentencing, counsel's acts or omissions "were outside the range of professionally competent assistance." **TEJEDA v DUBOIS**, 142 F.3d 18, 22 (1st Cir. 1998). Under the second prong, the prisoner must show a reasonable probability that, " armed with the correct informatin, the outcome would have been different." **U.S. v VANCOL**, 916 F. SUPP. 372, 377 (D. Del. 1996). In the present case, the petitioner's counsel rendered ineffective assistance at the petitioner's sentencing on the 841 (a)(1) charge because he did fail to contest that the District Court did not have jurisdiction to sentence the petitioner by and through a guilty plea, for and amount of drugs not charged in the indictment, but were calculated into the petitioner's drug amount incorrectly, and from the uncollaborated testimony of one witness.

### STATEMENT OF THE CASE

On April 26, 1996, Petitioner was named by a federal grand jury sitting in the Central District of Illinois, in a one count indictment, charging him with possession of cocaine base (crack) with the intent to distribute, in violation of 21 U.S.C. §841 (a)(1) with a superceding indictment being returned on Jan 21, 1998, charging Petitioner with various drug and firearm offenses.

On February 6, 1998, he entered a plea of guilty to counts I and III of the superceding indictment, charging him with one count possession of cocaine base (crack) with intent to distribute in

**(3)**

violation of 21 U.S.C. §841 (a) (1), and possession of firearms by a felon in violation of 18 U.S.C. §922 (g).

On July 1998, he appeared before United States District Judge Michael M. Mihm for sentencing.  He was sentenced to 140 months imprisonment to be followed by 5 years supervised release on count I the possession with intent to distribute charge.  He was sentenced to 120 months imprisonment to be followed by 3 years supervised release on count III, the firearms charge.  The sentences for both counts were imposed to be served concurrently.  He received a $200 special assessment and no fine.  His conviction was affirmed in **U.S. v HIBBETTS**, 172 F.3d 54 (7th Cir. 1999).

On June 12, 2000, petitioner filed a §2255 petition.  In this petition, he alleged:

1.    That he received ineffective assistance of counsel.

2.    That the indictment was constitutionally defective because it failed to allege the drug amount.

Petitioner's claims remain with standing, however with slight re-direction, so as to refrain from burdening the Honorable Court with new challenges through this reply brief.

### CLAIM I.

Petitioner's counsel has in fact been ineffective, in manners unknown to the petitioner during the time of the negotiated plea and sentencing.

### CLAIM II.

Apprendi does in fact apply to petitioner, but not as it was previously argued by petitioner's counsel, or as attacked by the petitioner through his initial §2255 Motion.

### CLAIM III.

(4)

Counsel has been ineffective in that he made no argument to support the facts that petitioner made "personal use" of cocaine base (crack), cocaine, and marijuana.

## CLAIM IV.

Counsel failed to contest defective indictment with vigor, and ample supportive case laws.

## CLAIM V.

Counsel failed to raise the issue that the sentence, which was to be imposed as concurrent, was in fact non-concurrent.

## ARGUMENT

Counsel has been ineffective by allowing petitioner to agree to a plea that stipulated responsibilty for an amount of cocaine base (crack), far exceeding the amount involved in the charges brought against him in indictment. Although the indictment remains defective, citing only the statutory language, the known amount of cocaine base involved in the charge is 8.8 grams. An amount of cocaine (powder), and marijuana, 7.4 grams and 8.1 grams respectively added with the 8.8 grams of cocaine base, (equated to equal 177.48 kgs. of marijuana) would have placed petitioner at a base offense level of 26, without the excercising of any other reductions or enhancements. All of the additional enhancements made to largen the petitioner's sentence would have to be construed as unlawful and unconstitutional in nature, in light of the Supreme Court's constitutional holding and interpretation in **APPRENDI v NEW JERSEY,** **(2000), 147 L. Ed 2d 435;** The Due process clause of the Federal Constitution's Fourteenth Amendment requires that any fact that increases the penalty for a state crime beyond the prescribed statutory maximum-- other than prior conviction-- must be submitted

to a jury and proven beyond a reasonable doubt; this rule insures
that a state is obliged to make its choices concerning the
substantive content of the state's criminal laws with full awareness
of the consequeces.  The sentenced imposed upon the petitioner has
in fact been imposed with disregard to the applicable statutory
maximum.  The amount of cocaine base (crack) that the petitioner
pled guilty to was an amount that had not been charged in the
indictment, nor had been presented to the federal grand jury.
The plea itself has been attained unlawfully, in that the petitioner
has a constitutional right to plea only to the amount by which he is
charged.

Counsel's coercing of the petitioner to stipulate to an ounce
or 28 grams of cocaine base (crack) in the plea, resulted in the
constitutional violation being imposed upon the petitioner, barring
an ability for the petitioner to make an intelligent plea.

This addition of cocaine base (crack) that the petitioner
stipulated responsibility to, drastically altered the scope of the
entire plea and increased the level of punishment unlawfully, by
which the petitioner was exposed.

Prosecution does not have jurisdiction to prosecute a defendant
and the District Court does not have jurisdiction to try, convict,
or sentence a defendant for an offense other than the one charged
in the indictment.  Defendant cannot be held to answer for any
offense not charged in an indictment returned by a grand jury.  See
**U.S. v TRAN**, 234, F.3d 798 (2nd Cir. 2000).  The Supreme Court has
characterized the indictment as jurisdictional in nature and scope,
and that a drug amount is an essential element of an offense which
must be cited in the indictment to sustain an attack to its validity.

See **STIRONE**, 361 U.S. at 218 80 S. CT. 270.

In **U.S. v TRAN**, **Supra**, the Grand Jury Clause of the United States Constitution provides that "[n]o person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury." (Amendment Five, United States Constitution). [T]o comfort with the Fifth and Sixth Amendments, a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense.

The Supreme Court has further held that enhancements must be charged in the indictment. See **JONES v UNITED STATES**, 526 U.S. 227 243 n.6, 119 S. CT. 1215, 143 L .ed 2d 311 (1999).

Drug amounts are not to be added or converted, in order to create a charge against a defendant, but are rather calculated through the sentencing guidelines to attain an offense level by which to sentence a defendant. In the present case the government made requirements stipulating to at least 28 grams of cocaine base, by which the petitioner was coerced to plea. Relating to **MEACHAM v UNITED STATES**, 626 F .2d 503, 509-510 (5th Cir. 1980).

In furtherance, pleading guilty does not waive a defendant's right to indictment by a grand jury and the objection that the indictment fails to charge an offense is not waived by a guilty plea; as held by the court in **U.S. v FERGUSON**, 758 F. 2d 843, 850-851 (2nd Cir. 1985).

The petitioner was charged with 8.8 grams of cocained base (crack), far less than the 28 grams (ounce) that he was coerced to

plead guilty to. Counsel failed to raise the cognizant issue that the district court lacked jurisdiction to convict the petitioner, for an offense not under the present indictment, and that the District court was not permitted to hold otherwise, according to the United States Constitution. As this was in effect judicial amendment of the grand jury's indictment, and a form of circumvention of the grand jury's intended presentment. The Supreme Court has held that this cannot be accomplished, even with the defendant's consent, as reviewed in **CROSBY v U.S.** , **339 F.2 at 744.**

Counsel has been ineffective because he has permitted the petitioner to be sentenced, through a plea agreement, construed with erroneous drug calculations; amounts of drugs that were unlawfully applied to the petitioner's offense level via uncollaborated, one witness testimony. The Supreme Court has held, that Federal District Court's erroneous sentencing determination unlawfully increased the defendant's prison sentence and established prejudice for purposes of a Sixth Amendment ineffective assistance of counsel claim in the case of **GLOVER v UNITED STATES** 531 U.S. 148 L. Ed 2d. 604, 121 S. CT. The petitioner should have been sentenced for the precise amount of cocaine base (crack) that he was indicted for.

The agreement made by the defendant, to plea to at least 28 grams of cocaine base (crack) was made unintelligently by the petitioner, and while not being aware by his counsel, that he has a constitutional right to accept responsibility for only the amount of the substance by which he has been charged. In the case of **EX PARTE BAIN,** **AT 12-13, 7 S. CT. 781,** the Supreme Court has interpreted that; A prosecutor cannot make an end run around a jurisdiction prerequisite of an indictment by charging any federal

offense, and then proceeding to prosecute a defendant for a different albeit related crime.

Petitioner's claim that counsel failed to cross examine Stookey and other witnesses thoroughly has this support: (1) Defendant could challenge a drug quantity calculation based upon excludable material by §2255. See **U.S. v SJEKOCHA** 114 F.3d 1085 (11th Cir. 1997). (2) Although counsel did cross examine Stookey, he stopped short his cross examination when Stookey changed his story and said everytime we got down to a 1/2 ounce of crack we cooked an ounce of crack. Further cross would have shown the following:

A.    That neither the 3 ounces of crack, the 2 1/2 ounces of powder, or the 1 ounce of crack that Stookey alleged was cooked when we got down to ½ ounce of crack ever existed.

B.    Stookey's first story of 3 ounces of crack and the 2 1/2 ounces of powder that was supposed to be thrown in a hole in the wall during the raid had failed him. So he changed his story to saying every time we got down to a 1/2 ounce of crack we cooked an ounce of crack. This alone shows his desparate story telling in an effort to cushion his own sentence. If there were 3 ounces of crack in a hole in the wall, why then would there be a need to cook any?

Codefendants confession inculpating the accused inherently unreliable. See **LEE v ILLINOIS** 476 U.S. 530,546, 106 S.Ct. 2056, 2065, 90 L.Ed 2d 514 (1986).

A statement that is "inherently unreliable" cannot be rehabilitated. See **U.S. v PETTY** 982 F.2d 1365, 1373 (19th Cir. 1993).

Co-conspirators statements, standing alone was insufficient to meet preponderance standard of co-conspirators exception to hearsay rul: See **SEPULVEDA** 15 F.3d 1161 (1993), Federal Rules. Evidence Rule 801 (d)(12)(E) 28 U.S.C.

The District Court could not rely upon the probation officer's estimate of drug quantities without corroborating evidence.  See **U.S. v LEVAY** 76 F.3d 671 (5th Cir. 1996).

The Due Process Clause requires the application of clear and convincing evidence, where drug quantity is arrived at a manner that is inherently imprecise, the district court must consider the margin of error before finally fixing the amount, erring on the side of caution.  See **U.S. v SCHEELE** 231 F.3d 492 (9th Cir. 2000).

C.    Had counsel furthered his cross examination, he would have exposed the personal use of Hibbetts, Stookey, Benner, and Whitby. See: **EXHIBIT B-2,** Benner's statement to Federal Agent, and Hibbett's **PSR, PAGE 18.**  This would have confirmed that a large amount of crack and powder cocaine was being consumed for personal use, and not held for distribution.  Also showing Stookey's statements of large profits to be bogus and unreliable.  Counsel should have used testimony and reports from Benner and Whitby.  See **U.S. v KIPP** 10 F.3d 1463 (9th Cir. 1993).

When comparing the present case to an observation made by the court in **WYSS**, the petitioner realizes that there did exist a good possibility for a decrease in the drug amounts charged to petitioner, had an argument been presented.  **WYSS,** contends that any amount of a drug bought and possessed to consume, rather than to sell, could not be counted as conduct relevant to the conviction for possession of that drug, with intention to distribute, and therefore could not be used as uncharged drug-related misconduct to enhance a sentence under the Sentencing Guidelines Comprehensive Drug Abuse Prevention and Control Act 1979 §401(a), 404, 21 U.S.C.A. §§1D1.3 (a)(2), 2D2.1, 3D1.2 (d) 18 U.S.C.A.  See **U.S. v WYSS** 147 F.3d 631 (7th Cir. 1998).

(10)

In a more recent case, the second circuit court has held that
it is important to determine what amount, if any, were intended to
be used for personal use. See **U.S. v WILLIAMS, 2001 W L 391985
2nd Cir, N.Y. 2001.** In this case there were four people using drugs.

Petitioner further contends that counsel has been ineffective
for not informing him of the circumstances surrounding the 922(g)
charge. Petitioner was led to believe that the plea stipulated to
the 922(g) charge being consolidated with the 841(a)(1) charge, and
to be ran concurrently, with the totality of that sentence being not
to exceed 87 months. Which according to counsel, was the sentence to
be imposed according to the sentencing guidelines.

Counsel's ineffectiveness resulted to the absence of an argument
which should have been raised against the imposition of a sentence
which was supposed to be concurrent, but actually is not. The Supreme
Court ruled that the sentence has been imposed inconsistent with one
concurrent, if in fact, the monetary assessment, as well as the prison
term has been imposed on each of the multiple counts. Pursuant to 18
U.S.C. §3013, and the Courts holding in the aforementioned case, the
sentences are not concurrent because the District Court's imposition
of $100 assessment of each count made the accused's liability to pay
total assessment dependant on the validity of each conviction.
Petitioner has been committed to the U.S. Bureau of Prisons to be
imprisoned for a term of 140 months on Count I and 120 months on
count III, to run concurrently, but has been penalized with two (2)
$100 assessment penaltiestotaling $200, which is not concurrent.

**WHEREFORE,** Harry M. Hibbetts, petitioner, pro se, hereby humbly
prays, and respectfully requests that this Honorable Court further
review this reply to the government's response, to petitioner's

initial §2255, act accordingly to grant petitioner appropriate relief
and move to vacate, set aside, or correct petitioner's sentence, which
has been unconstitutionally obtained, Pursuant to §2255.

I declare under penalty of perjury that the foregoing is true
and correct.

Executed on this **6TH** day of **JULY**, 2001.

RESPECTFULLY SUBMITTED,

**HARRY MICHAEL HIBBETTS,**
**PRO SE WITH ASSISTANCE**
**FEDERAL CORRECTION INSTITUTION**
**P.O. BOX 9000**
**FORREST CITY, AR.    72336**

## CERTIFICATE OF SERVICE

I, Harry Michael Hibbetts, hereby certify that I have provided

three (3) true and correct copies of the foregoing instrument, via

U.S. MAIL, to the following:

**K. TATE CHAMBERS**
**ASSISTANT UNITED STATES ATTORNEY**
**OFFICE OF THE UNITED STATES ATTORNEY**
**ONE TECHNOLOGY PLAZA-SUITE 400**
**PEORIA, ILLINOIS   61602**

**CLERK OF THE COURT   JOHN M. WATERS**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS AT PEORIA**
**100 N.E. MONROE STREET**
**PEORIA, ILLINOIS   61602**

On this ___6th___ day of July, ___2001___ .

**HARRY MICHAEL HIBBETTS**
**REG. NO. 10955-026**
**FEDERAL CORRECTION INSTITUTION**
**P.O. BOX 9000**
**FORREST CITY, AR.   72336**

GOVERNMENT'S EXHIBI 3-22 

FD-302a (Rev. 10-6-95).

245D-SI-46712

Continuation of FD-302 of ___TAMMI L. BENNER___ , On _02/02/1998_ , Page ___2___

        On the occasions that BENNER was at 902 S. Greenlawn,
she generally spent most of her time with HIBBETTS in his
upstairs bedroom.  There, they would smoke rock cocaine, which
HIBBETTS provided.  While in HIBBETTS bedroom, she saw various
quantities of rock cocaine, which she felt was for personal use,
and a silver colored handgun, possibly a 9mm semi-automatic.
BENNER assumed the handgun belonged to HIBBETTS.  On occasion,
HARMS and WHITBY also joined BENNER and HIBBETTS in the bedroom,
smoking rock cocaine and conversing.

        BENNER felt that HIBBETTS attempted to expose her to as
little of his and STOOKEY's rock cocaine sales operation, as
possible.  However, on approximately ten to twenty occasions,
BENNER witnessed STOOKEY give HIBBETTS money which she assumed
was garnered from the sale of rock cocaine.  HIBBETTS, in return,
gave STOOKEY what BENNER assumed was more rock cocaine to sell
from the downstairs of the residence.  These transactions
occurred at the steel door, halfway up the staircase leading to
the upstairs of the residence.

        BENNER never discussed any of the sales transactions
with HIBBETTS or STOOKEY, and has no idea as to how much money
they were making in their operation.  Both HIBBETTS and STOOKEY
were smoking rock cocaine on a regular basis, which would have
cut into their overall profits.

        BENNER was intimidated by STOOKEY.  On one occasion
STOOKEY accused BENNER of stealing some rock cocaine, and placed
his revolver to BENNER's head, threatening to shoot her if she
did not confess to the theft.  BENNER refused to do so, and
STOOKEY then fired one shot into the sofa on which BENNER was
seated.  On another occasion, BENNER witnessed STOOKEY fire a
shot at PAT THOMAS, who was at the residence to purchase rock
cocaine.

Exhibit B-2



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FI** B

A

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HARRY MICHAEL HIBBETTS,                )
                                       )
                 Petitioner,           )
                                       )
        v.                             )        Case No. 00-1207
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                 Respondent.           )

## ORDER

This matter is now before the Court on Petitioner, Harry Michael Hibbetts'

("Hibbetts"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. For

the reasons set forth below, Hibbetts' § 2255 Motion [1-1] is DENIED.

### BACKGROUND

On February 6, 1998, Hibbetts entered a plea of guilty to Possession of Cocaine

Base (Crack) with the Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and

Possession of Firearms by a Felon in violation of 18 U.S.C. § 922(g). He was

subsequently sentenced to 140 months' imprisonment to be followed by 5 years of

supervised release for the possession of cocaine and 120 months' imprisonment to be

followed by 3 years of supervised release for the firearms charge. These sentences

were to be served concurrently. Although Hibbetts pled guilty, he reserved his right

to make a limited appeal. See U.S. v. Hibbetts, 172 F.3d 54 (7th Cir. 1999)

(unpublished decision).

On appeal, Hibbetts argued that the evidence obtained pursuant to a "no-knock"

search warrant should have been suppressed because the Illinois Supreme Court later

found the statute authorizing such searches violated the Illinois Constitution. See id.;

see also, People v. Krueger, 675 N.E.2d 604, 609 (III. 1996) (Illinois Supreme Court case invalidating Illinois' no-knock statute, 725 ILCS 5/108-8). On January 10, 1996, the Peoria Police executed a search warrant that had been issued earlier in the day under the no-knock statute. The police obtained crack cocaine, cannabis, handguns and various amounts of currency from Hibbetts' apartment. Hibbetts sought to have the evidence suppressed. This Court denied the request, finding that although a no-knock warrant was not appropriate, a good faith exception applied and the officers could have relied on the warrant. The Court of Appeals affirmed this Court's decision.

On June 12, 2000, Hibbetts filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 alleging (1) that he received ineffective assistance of counsel and (2) that the indictment was constitutionally defective because it failed to allege drug weight. The matter is now fully brief and this Order follows.

## DISCUSSION

A defendant asserting a Sixth Amendment ineffective assistance of counsel claim must show that his counsel's performance was constitutionally deficient and that the deficiency prejudiced the outcome of the case. United States v. Gramley, 915 F.2d 1128, 1133 (7th Cir. 1990). The defendant has the burden of affirmatively identifying specific "acts or omissions" that can be deemed to have been outside the range of professionally competent assistance. Strickland v. Washington, 466 U.S. 668 (1984). After satisfying the Court that his counsel was deficient, the defendant must then "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

Hibbetts argues that his counsel was deficient in four ways: (1) his counsel failed to interview witnesses, (2) his counsel failed to cross-examine his co-defendant, Ronald Stookey, (3) his counsel failed to contest the enhancement for possession of a firearm, and (4) his counsel failed to challenge the search warrant.

In his first argument, Hibbetts contends that his counsel failed to interview witnesses; however, he fails to identify any of the witnesses his counsel could have interviewed. Hibbetts further fails to present this Court with any information these potential witnesses may have provided that would ultimately change his sentence. Accordingly, Hibbetts is unable to meet the requirements set for in <u>Strickland</u> and this Court summarily rejects this claim.

Next, Hibbetts contends that had his counsel effectively cross-examined his co-defendant, Ronald Stookey, he would have exposed inconsistencies in Stookey's statements at the sentencing hearing. Specifically, Hibbetts points to the inconsistency in Stookey's comments regarding the amount of cocaine that Hibbetts threw into holes in the wall during the police raid. Apparently, Hibbetts believes that Stookey lied to "cushion his own sentence." Hibbetts does not point to any specific question that his counsel could have asked or any action his counsel could have taken, but merely concludes that his counsel failed to properly cross-examine Stookey. A review of the transcript of the sentencing hearing reveals that his counsel asked numerous questions attacking the credibility of the Stookey. (<u>See</u> Transcript of Sentencing Hearing, June 26, 1998, pp. 29-50.) Moreover, the transcript reveals that his counsel asked a number of questions in an attempt to discredit the amount of drugs for which Hibbetts' co-defendant was claiming Hibbetts should have been held

- 3 -

accountable. Id. Hibbetts' claim that his counsel was inefficient cannot stand on bald, conclusory statements that his counsel should have done more.

Hibbetts' claim that his counsel was ineffective because he failed to contest the enhancement for possession of a firearm also fails. Hibbetts points to no authority that would allow his counsel to challenge the enhancement to his base offense level under the Sentencing Guidelines. In fact, such argument would be inappropriate because the Sentencing Guidelines do not prohibit the enhancement for a firearm on a drug conviction, and his counsel had no basis to challenge such enhancement. Accordingly, Hibbetts' claim that his counsel was ineffective for not challenging such enhancement cannot stand.

Hibbetts also challenges the effectiveness of his counsel in arguing his motion to suppress in this Court and on appeal. Hibbetts argues that his counsel should have brought to the Court that there was no affidavit attached to the warrant, which he purports was a violation of state law. Hibbetts' complaint regarding technical defects in the issuance of the warrant would not provide a valid basis to suppress the evidence found during the search. His counsel argued that the warrant was invalid because it was unconstitutional. This Court concluded that although a no-knock warrant was not appropriate, a good faith exception applied, and the officers could have relied on the warrant. Clearly, any technical defects would not invalidate the officers' reliance on the warrant. The record of this case indicates that Hibbetts' counsel vigorously challenged the evidence obtained during the search in this Court and on appeal. Hibbetts' complaint that this conduct was ineffective is clearly refuted by the record in this case.

Further, Hibbetts' argument that his counsel was ineffective for allowing him to be sentenced under an erroneous drug calculation cannot withstand judicial scrutiny. The transcript of the sentencing hearing reveals that Hibbetts' counsel adamantly challenged the amount of cocaine for consideration as relevant conduct. In fact, his counsel made the exact arguments Hibbetts now brings before this Court. (See Transcript of Sentencing Hearing, June 26, 1998, p. 12.) Accordingly, this Court cannot find that his counsel was ineffective.

Hibbetts also claims that his conviction is invalid because the indictment did not state a drug amount, relying on the recent Supreme Court decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). However, Apprendi does not apply because the sentence the defendant received is under the statutory maximum. See United States v. Smith, 223 F.3d 554, 565-566 (7th Cir. 2000); United States v. Williams, 238 F.3d 871 (7th Cir. 2001). The maximum amount of imprisonment for Possession of Cocaine with Intent to Distribute under 21 U.S.C. § 841(b)(1)(C) where the drug weight is not an enhancement is 20 years. Hibbetts was sentenced to 140 months. Accordingly, Apprendi does not provide Hibbetts with a basis to challenge his sentence.

For the reasons set forth herein, Hibbetts' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [1-1] is DENIED. This matter is now terminated.

ENTERED this $\partial 0 th$ day of August, 2001.

S/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 5 -



AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

# JUDGMENT IN A CIVIL CASE

**FILED**

AUG 20 2001

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**HARRY MICHAEL HIBBETTS**

vs.

Case Number:  **00-1207**

**UNITED STATES OF AMERICA**

☒  **DECISION BY THE COURT.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that petition for habeas corpus relief is denied. Case is terminated.

ENTER this 20th day of August, 2001

s/ John M. Waters
JOHN M. WATERS, CLERK/Cgl.

s/ C. Lambic
BY: DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

HARRY MICHAEL HIBBETTS,       )
                              )
        Petitioner,           )
                              )
    v.                        )        Case No. 96-10024
                              )
UNITED STATES OF AMERICA,     )
                              )        **FILED**
        Defendant.            )
                                       OCT 2 4 2002

                                       JOHN M. WATERS, Clerk
                                       U.S. DISTRICT COURT
## <u>O R D E R</u>                    CENTRAL DISTRICT OF ILLINOIS

This matter is before the Court on Defendant, Harry Hibbetts' ("Hibbetts")

Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).

For the reasons set forth below, the Motion is DENIED.

## Background

On February 6, 1998, Hibbetts entered a plea of guilty to Possession of Cocaine

Base (Crack) with the Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and

Possession of Firearms by a Felon in violation of 18 U.S.C. § 922(g).   He was

subsequently sentenced to concurrent terms of 140 months' imprisonment to be

followed by 5 years of supervised release for the possession of cocaine and 120

months' imprisonment to be followed by 3 years of supervised release for the firearms

charge.  Although Hibbetts pled guilty, he reserved his right to make a limited appeal.

His conviction and sentence were affirmed by the Seventh Circuit.  *See* <u>U.S. v.

Hibbetts</u>, 172 F.3d 54 (7th Cir. 1999) (unpublished decision).



On June 12, 2000, Hibbetts filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 alleging: (1) that he received ineffective assistance of counsel, and (2) that the Indictment was constitutionally defective because it failed to allege drug weight. His Motion was denied on August 20, 2001.

Hibbetts now attempts to take another bite at the apple. Although he styled his pleading as a Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b), a preliminary review of the motion reveals that he is actually attempting to bring another collateral attack on his 1998 conviction and sentence, and the styling of the pleading as a Rule 60(b) motion would appear to be a deliberate attempt to make an end run around the Seventh Circuit's gatekeeping function as set forth in § 2244(b)(3)(A)-(C).

However, the Seventh Circuit has previously addressed the filing of a Rule 60(b) motion under analogous circumstances and unambiguously concluded that "a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)." Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997). Otherwise, the requirements and limitations imposed by the AEDPA would be ineffectual. Id.

Thus, under the clearly established law of this circuit, Petitioner is attempting to bring a second or successive petition for collateral relief in federal district court without first having obtained an order from the Seventh Circuit Court of Appeals authorizing this Court to consider the application in compliance with § 2244(b)(3)(A). Accordingly, before this Court is able to consider Petitioner's claims, he must obtain

- 2 -

such order from the Seventh Circuit Court of Appeals. Thus, he is not entitled to relief

in this Court at this time, and his motion must be dismissed for lack of jurisdiction.

## Conclusion

Accordingly, for the reasons set forth above, the Motion for Relief From

Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b), which the Court

construes as a successive collateral attack, is DISMISSED for lack of jurisdiction. This

case is TERMINATED, and all other pending motions are now MOOT.

ENTERED this day of October, 2002.

S/ Michael M. Mihm

Michael M. Mihm
United States District Judge

- 3 -

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF ILLINOIS

## AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 96-10024 |
| | ) |
| v. | ) IN VIO:  Title 21, United States Code, |
| | ) Sections 841(a)(1) and 841(b)(1)(B), |
| HARRY M. HIBBETTS, | ) and 844, Title 18, United States Code, |
| | ) Sections 922(g) and 2 |
| Defendant. | ) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT 1

On or about January 10, 1996 in Peoria County, within the Central District of Illinois, the

defendant herein,

## HARRY M. HIBBETTS,

did knowingly possess a mixture or substance containing cocaine and cocaine base (crack), a

Schedule II controlled substance, with intent to distribute.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

## COUNT 2

On or about January 10, 1996, in Peoria County, within the Central District of Illinois,

the defendant,

1

- App. 2 -



**HARRY HIBBETTS,**

did knowingly possess a mixture or substance containing cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code 844.

## COUNT 3

On January 10, 1996, in Peoria County, in the Central District of Illinois, the defendant,

**HARRY HIBBETTS,**

did knowingly possess firearms which had previously traveled in interstate, to-wit: a .380 caliber Femaru-Fegyuer-ESGEPGYAR semi-auto handgun and a .22 caliber EPMA semi-auto handgun, the defendant having been previously convicted under the laws of the States of Texas and Illinois of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(g), and 2.

## COUNT 4

On or about January 26, 1996, in Peoria County, in the Central District of Illinois, the defendant,

**HARRY HIBBETTS,**

did knowingly possess firearms which had previously traveled in interstate, to-wit: two .22 caliber North American Arms derringers, the defendant having been previously convicted under the laws of the States of Texas and Illinois of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(g), and 2.

2

## COUNT 5

On or about November 12, 1996, in Tazewell County, in the Central District of Illinois, the defendant,

### HARRY HIBBETTS,

did knowingly possess firearms which had previously traveled in interstate, to-wit: a 9MM Jennings Model 59 semi-automatic handgun and a Bryco Arms .380 caliber model 38 semi-automatic handgun, the defendant having been previously convicted under the laws of the States of Texas and Illinois of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(g), and 2.

A True Bill,

S/Foreperson
Foreperson

S/Frances C. Hulin
FRANCES C. HULIN
UNITED STATES ATTORNEY

KTC

3