E-FILED

Wednesday, 23 February, 2005  01:38:29 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF ILLINOIS

### AT PEORIA

**FILED**

APR 2 6 1996

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 96-10024 |
| | ) | |
| HARRY M. HIBBETTS, | ) | VIO: Title 21, United States |
| | ) | Code, Sections 841(a)(1) and |
| Defendant, | ) | 841(b)(1)(B) |
| | ) | |
| | ) | |

### INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about January 10, 1996 in Peoria County, within the Central District of

Illinois,

#### HARRY M. HIBBETTS,

the defendant herein, did knowingly possess a mixture or substance containing cocaine

base (crack), a Schedule II controlled substance, with intent to distribute.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

A True Bill,

S/Foreperson
Foreperson

S/Frances C. Hulin
FRANCES C. HULIN
UNITED STATES ATTORNEY

KTC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

## AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 96-10024 |
| | ) |
| v. | ) IN VIO: Title 21, United States Code, |
| | ) Sections 841(a)(1) and 841(b)(1)(B), |
| HARRY M. HIBBETTS, | ) and 844, Title 18, United States Code, |
| | ) Sections 922(g) and 2 |
| Defendant. | ) |

### SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about January 10, 1996 in Peoria County, within the Central District of Illinois, the

defendant herein,

### HARRY M. HIBBETTS,

did knowingly possess a mixture or substance containing cocaine and cocaine base (crack), a

Schedule II controlled substance, with intent to distribute.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

### COUNT 2

On or about January 10, 1996, in Peoria County, within the Central District of Illinois,

the defendant,

1

## HARRY HIBBETTS,

did knowingly possess a mixture or substance containing cocaine base, a Schedule II controlled
substance.

In violation of Title 21, United States Code 844.

### COUNT 3

On January 10, 1996, in Peoria County, in the Central District of Illinois, the defendant,

### HARRY HIBBETTS,

did knowingly possess firearms which had previously traveled in interstate, to-wit: a .380 caliber
Femaru-Fegyuer-ESGEPGYAR semi-auto handgun and a .22 caliber EPMA semi-auto handgun,
the defendant having been previously convicted under the laws of the States of Texas and Illinois
of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(g), and 2.

### COUNT 4

On or about January 26, 1996, in Peoria County, in the Central District of Illinois, the
defendant,

### HARRY HIBBETTS,

did knowingly possess firearms which had previously traveled in interstate, to-wit: two .22 caliber
North American Arms derringers, the defendant having been previously convicted under the laws
of the States of Texas and Illinois of a crime punishable by imprisonment for a term exceeding
one year.

In violation of Title 18, United States Code, Sections 922(g), and 2.

2

## COUNT 5

On or about November 12, 1996, in Tazewell County, in the Central District of Illinois, the defendant,

### HARRY HIBBETTS,

did knowingly possess firearms which had previously traveled in interstate, to-wit: a 9MM Jennings Model 59 semi-automatic handgun and a Bryco Arms.380 caliber model 38 semi-automatic handgun, the defendant having been previously convicted under the laws of the States of Texas and Illinois of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(g), and 2.

A True Bill,

S/Foreperson

Foreperson

S/Frances C. Hulin

FRANCES C. HULIN
UNITED STATES ATTORNEY

KTC

3



69

# United States District Court
## Central District of Illinois

UNITED STATES OF AMERICA
v.

**HARRY M HIBBETTS**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:96CR10024-001**

**George Taseff**

Defendant's Attorney

# FILED

## THE DEFENDANT:

JUL  6  1998

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

☒ pleaded guilty to count(s)  **1, 3**

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession of cocain base (crack) with intent to distribute | 01/10/1996 | 1 |
| 18 U.S.C. § 922 (g) | Possession of firearms by a Felon | 01/10/1996 | 3 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **2,4,5** _____ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: `-6052` | 07/02/1998 |
| Defendant's Date of Birth: /1953 | Date of Imposition of Judgment |
| Defendant's USM No.: **10955-026** | |
| Defendant's Residence Address: | S/ Michael M. Mihm |
| **Last known address:** | Signature of Judicial Officer |
| **Peoria** IL **61605** | **MICHAEL M. MIHM** |
| | **Chief US District Judge** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| **IN CUSTODY** | 7/6/98 |
| **MCC** | |
| **Chicago** IL **60606** | Date |

69

DEFENDANT: **HARRY M HIBBETTS**

CASE NUMBER: **1:96CR10024-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **140 month(s)** .

**on Count 1 and 120 months on Count 3 to run concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**Defendant to be placed in a medical facility and a recommendation for placement in comprehensive drug treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:      **HARRY M HIBBETTS**

CASE NUMBER:    **1:96CR10024-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     **5**     **year(s)** .
**on Count 1 and 3 years on Count 3 to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet   3.01**

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:    **HARRY M HIBBETTS**
CASE NUMBER:    **1:96CR10024-001**

# SPECIAL CONDITIONS OF SUPERVISION

**1) You shall, at the direction of the probation officer, participate in a program for substance abuse treatment/counseling including testing to determine whether you have used controlled substances and/or alcohol. During the entire term of supervision, you will abstain from the use of alcohol, all other legally obtainable intoxicants, and all mood-altering substances unless prescribed by a physician. You shall pay for these services as directed by the probation officer.**
**2) You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.**

Judgment-Page __4__ of __6__

DEFENDANT: **HARRY M HIBBETTS**

CASE NUMBER: **1:96CR10024-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        200.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
|  | **Totals:** $ _____ | $ _____ |  |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT: **HARRY M HIBBETTS**

CASE NUMBER: **1:96CR10024-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: **HARRY M HIBBETTS**

CASE NUMBER: **1:96CR10024-001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court:

Total Offense Level: _____ 31 _____

Criminal History Category: _____ III _____

Imprisonment Range: _____ 135 _____ to _____ 168 _____ months

Supervised Release Range: _____ 4 _____ to _____ 5 _____ years

Fine Range: $ _____ 15,000.00 _____ to $ _____ 2,000,000.00 _____

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**Offense was more than an impulsive act. Sentence imposed for punishment and deterrence.**

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

RE: HIBBETTS, Harry M.

## ADDENDUM TO THE PRESENTENCE REPORT

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS**
**UNITED STATES V. HARRY M. HIBBETTS, DKT. NO. 96-10024-001**

This addendum fairly states any objections that have not been resolved.

### OBJECTIONS

#### By the Government

Assistant U.S. Attorney K. Tate Chambers advised the probation officer that he had no objections to the presentence report.

#### By the Defendant

I.  Reference page 10, paragraph 32

A.  The defendant objects to the base offense level being calculated at Level 32 instead of 26 because of the statement contained in paragraph 13 of the presentence investigation report that "according to Stookey, approximately 2.5 ounces of powder cocaine and 3 ounces of crack cocaine were thrown down the holes in the walls to escape police discovery", during the first raid on January 10, 1996. The defendant contends that this information from Mr. Stookey is patently false, wholly uncorroborated, and totally lacking in sufficient indicia of reliability to support its probable accuracy, and should be stricken from the presentence investigation report and disregarded in calculating the base offense level.

B.  It is the position of the Government and the probation officer that this information is reliable and should be considered in calculating the base offense level. Stookey advised Kevin Kirwan, Peoria Police Department, that he sold approximately $2000 worth of cocaine per day for the defendant. The defendant does not contest this. Stookey advised Detective Kirwan that 2.5 ounces of powder cocaine and 3 ounces of crack cocaine were thrown down holes in the wall to escape police detection. While executing the search warrant, Peoria Police Officers observed several holes in the walls. Due to the fact that the defendant and Stookey were selling a considerable amount of cocaine from his house and the holes were in the walls, a preponderance of the evidence exists to believe Stookey's statement. Therefore, the amount of drugs disposed of in the walls should be

24

**RE: HIBBETTS, Harry M.**

counted towards the base offense level as relevant
conduct.

### Court's Findings

1. ☐    Court adopts probation officer's position.

2. ☐    Court adopts Government's position.

3. ☐    Court adopts defendant's position.

4. ☒    Other: *parties agree on adjustment to various Ps. Court agrees to adopt those changes. Defendant ends up at level 31.*

II. Reference pages 7 through 9 & 11, paragraphs 19 through 20, & 36

     A.    The defendant objects to the two point adjustment for obstruction of justice under U.S.S.G. § 3C1.1, based on the probation officer's finding that the defendant indirectly attempted to unlawfully influence Tammi Benner's testimony and his actions to impede police investigation in the barricading and fortifying his residence.

         Information contained in a copy of the FBI-302 prepared by Agent Bill Muir is woefully inadequate to constitute a willful attempt to unlawfully influence a witness's testimony as is required by U.S.S.G. § 3C1.1. Whatever Tammi Benner subjectively felt Hibbetts expected her to say when called as a witness is no basis to support the enhancement in this case. Furthermore, any barricading and fortifying of the residence that was allegedly done by installing a metal door in the stairway had to have occurred prior to the commencement of any investigation of Mr. Hibbetts's and Mr. Stookey's unlawful conduct, and therefore cannot constitute sufficient proof to support an obstruction of justice enhancement for the specific offense to which Hibbetts pleaded guilty.

     B.    It is the Government and the probation officer's opinion that the enhancement for obstruction of justice under U.S.S.G. § 3C1.1 applies. Application Note 3 of this guideline provides a non-exhaustive list of examples of obstructive conduct, which includes indirect attempts to unlawfully influence a witness. Hibbetts knew that Benner was a witness to his unlawful conduct. Benner was his girlfriend. He used this position to attempt to

25

influence her testimony to discredit Stookey to prove his
innocence.   This is obstructive conduct.

Furthermore, U.S.S.G. § 1B1.3 states that the adjustments
in Chapter Three shall be based on all acts and omissions
committed, aided, abetted, counseled, commanded, induced,
procured, or willfully caused by the defendant and in the
case of jointly undertaken criminal activity, all
reasonably foreseeable acts and omissions of others in
furtherance of the jointly undertaken criminal activity
that occurred during the commission of the offense of
conviction, in preparation for that offense, or in the
course of attempting to avoid responsibility or detection
for that offense.   In preparation for the instant
offense, the defendant and Stookey installed steel doors,
locks, and an intercom system to avoid detection for the
instant offense.   Even after the house was raided on
January 10, 1996, the defendant further fortified his
residence by placing more locks on his doors and placing
razors at the top of the door so no one could climb over
it.    These were actions designed to impede the
administration of justice during the investigation of the
offense.   Therefore, the enhancement for obstruction of
justice applies under U.S.S.G. § 3C1.1.

### Court's Findings

1.  ☐  Court adopts probation officer's position.

2.  ☐  Court adopts Government's position.

3.  ☐  Court adopts defendant's position.

4.  ⬧  Other:   _Withdrawn    by agreement of_
         _the parties_

III. Reference pages 7 through 9, & 11 paragraphs 21 through 27 &
     37

   A.   The defendant objects to the two-point adjustment for
        obstruction of justice under U.S.S.G. § 3C1.2 based upon
        the probation officer's finding that the defendant
        recklessly created a substantial risk of death or serious
        bodily injury to other persons in the course of fleeing
        from law enforcement on November 11, 1996.

        The defendant contends that no nexus exists between the
        car chase of November 11, 1996, and the federal drug and
        weapons offenses of January 10, 1996, to which Hibbetts's

26

pleaded guilty.  The federal Indictment originally filed
in this case was returned under seal on April 26, 1996,
and remained under seal until the defendant's initial
appearance on November 19, 1996.  Since the defendant's
related state court charges had already been dismissed,
and the federal Indictment remained under seal, there is
nothing to indicate that the high-speed car chase of
November 11, 1996, was an attempt by Mr. Hibbetts to
avoid his apprehension for the federal offenses which
were committed on January 10, 1996.

B.    It is the opinion of the Government and the probation
officer that the enhancement under U.S.S.G. § 3C1.2
applies in this case.  On April 29, 1996, Peoria County
Case Number 96-CF-29 (paragraph #55) was dismissed.  The
order of dismissal stated "people move to dismiss since
U.S.  Attorney  has  filed  charges  in  this  case."
Additionally, on June 5, 1996, Peoria County Case Number
96-CF-154 (paragraph #56) was dismissed.  The order of
dismissal stated "people move to dismiss since federal
Government has indicted defendant in this case."  Due to
the dismissal of these state charges, it is apparent that
the defendant had knowledge of the federal charges even
though  the  federal  Indictment  was  sealed.    A
preponderance of the evidence exists showing that the
defendant knew of the federal charges and was alluding
authorities.   This establishes the nexus between the
instant offense and his flight from police officers on
the day of his arrest in this case.

## Court's Findings

1.    ☐    Court adopts probation officer's position.

2.    ☐    Court adopts Government's position.

3.    ☐    Court adopts defendant's position.

4.    ☒    Other: *— Parties agree not to pursue*
*Obstruction.  Court agrees.*

## IV.    Reference page 21, paragraph 85

A.    The defendant contends that the defendant's sentencing
profile should be as follows: Base offense level 26; two-
point  adjustment  for  possession  of  firearms  under
U.S.S.G. § 2D1.1; three points downward adjustment for
acceptance of responsibility; no Chapter 3 adjustments;

27

**RE: HIBBETTS, Harry M.**

Criminal history category III; Guideline Sentencing Range of 70 to 87 months.

B.   It is the position of the Government and the probation officer that the sentencing profile is as stated in the presentence investigation report.

#### Court's Findings

1.   ☐   Court adopts probation officer's position.

2.   ☐   Court adopts Government's position.

3.   ☐   Court adopts defendant's position.

4.   ☐   Other:   _____

_____

_____

V.   Reference page 23, paragraph 106

A.   The defendant contends that he sustained fractured ribs as a result of his arrest on January 26, 1996.   This serious medical condition warrants a downward departure. The attack on the defendant from arresting officers in connection with his arrest and his sustaining lifelong injuries and disability was not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines and is outside the heartland of other cases of this kind.   U.S.S.G. § 5K2.0.

B.   It is the position of the Government and the probation officer that the defendant has failed to present any evidence that sustaining broken ribs results in a disability and a lifelong injury.   According ˙to information received from FMC Rochester, the defendant was doing well by being treated with medication and physical therapy.   In order to warrant a departure for physical impairment, the court must ascertain, through competent medical testimony, that the defendant needs constant medical care, or that the care he does need will not be available should he be incarcerated (U.S. v. Sherman, 53 F.3d. 782).   The defendant was successfully being treated by FMC Rochester and all indications are that he would continue to do well with treatment at that facility.   Therefore, a downward departure does not appear to be warranted.

28

⬤

RE: HIBBETTS, Harry M.

## Court's Findings

1.  ⊠  Court adopts probation officer's position.

2.  ⊠  Court adopts Government's position.

3.  ☐  Court adopts defendant's position.

4.  ☐  Other: _____

_____

_____

Respectfully submitted:

S/ Mary J. Kennedy
MARY J. KENNEDY
U.S. Probation Officer

Reviewed and Approved:

S/ Valerie A. Martin
VALERIE A. MARTIN
Supv. U.S. Probation Officer
Date: 05/08/98

The Court adopts the above-listed findings on   6/26/98

S/ Michael M. Mihm
HONORABLE MICHAEL M. MIHM
Chief U.S. District Judge

MJK/js

29

RE: HIBBETTS, Harry M.

## ADDENDUM II TO THE PRESENTENCE REPORT

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS**
**UNITED STATES V. HARRY M. HIBBETTS, DKT. NO. 96-10024-01**

Since the final disclosure of the presentence report, the following
objections have been raised.

### OBJECTIONS

### By the Defendant

I.   Reference page 3, paragraph 1

   A.   The defendant, Harry M. Hibbetts, states that this
        paragraph should note that the federal Indictment that
        was filed on April 26, 1996, in this offense remained
        under seal until after the defendant's arrest on
        November 19, 1996.

   B.   The Government and the probation officer do not object to
        this inclusion.

### Court's Findings

1.   ☐   Court adopts probation officer's position.

2.   ☐   Court adopts Government's position.

3.   ☒   Court adopts defendant's position.

4.   ☐   Other: _____

_____

Respectfully submitted,

S/Mary J. Kennedy
MARY J. KENNEDY
U.S. Probation Officer

The Court adopts the above-listed findings on July 2, 1998

S/ Michael M. Mihm
HONORABLE MICHAEL M. MIHM
Chief U.S. District Judge

30